```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


ALPRENTISS L. NASH,                )
                                   )
              Plaintiff,            )
                                   )
         vs.                       ) No. 14 C 1493
                                   )
MICHAEL BAKER, et al.,             ) Chicago, Illinois
                                   ) October 29, 2014
              Defendants.          ) 9:31 a.m.


              TRANSCRIPT OF PROCEEDINGS - Motion

        BEFORE THE HONORABLE ROBERT W. GETTLEMAN


APPEARANCES:

For the Plaintiff:      KATHLEEN T. ZELLNER & ASSOCIATES, P.C.
                        BY:  MR. DOUGLAS H. JOHNSON
                        1901 Butterfield Road, Suite 650
                        Downers Grove, Illinois 60515
                        (630) 955-1212
                        boblo6466@aol.com


For the Defendants:     CITY OF CHICAGO, LAW DEPARTMENT
                        BY:  MR. JOSH M. ENGQUIST
                        30 North LaSalle Street, Suite 800
                        Chicago, Illinois 60602
                        (312) 744-7852
                        josh.engquist@cityofchicago.org




Official Court Reporter: NANCY L. BISTANY, CSR, RPR, FCRR
                         219 South Dearborn Street, Room 1706
                         Chicago, Illinois 60604
                         (312) 435-7626
                         nancy_bistany@ilnd.uscourts.gov
```

```
 1            (Proceedings in open court.)
 2            THE CLERK:  14 C 1493, Alprentiss Nash versus Officer
 3   Baker; plaintiff's motion.
 4            MR. ENGQUIST:  Good morning, your Honor.
 5            Josh Engquist on behalf of the defendants.
 6            MR. JOHNSON:  Good morning, your Honor.
 7            Doug Johnson on behalf of the plaintiff.
 8            THE COURT:  It's your motion to substitute a relative
 9   of the deceased officer.  I've got a lot of questions about
10   this.
11            First question is, has an estate been opened in the
12   state court in the probate division?
13            MR. JOHNSON:  No.
14            THE COURT:  How can you substitute somebody without
15   an estate?  Number one.
16            Number two -- and this is maybe even more
17   important -- when I looked at this case and I saw the history
18   of it, I noticed for the first time that this is a re-filing of
19   another case.
20            MR. JOHNSON:  It was voluntarily dismissed, yes.
21            THE COURT:  Yes, but it was a re-filing.  And on the
22   cover sheet, you didn't list it as a re-filing.  It should have
23   gone back to the original judge.  It should not have come to --
24   it should not have been put on the wheel.  That's why that box
25   is there on the cover sheet; otherwise, it looks like forum
```

1   shopping.  And that's what that is supposed to avoid.
2           So I haven't talked to Judge Tharp yet, but this
3   really should go back to him.  If he doesn't want it, I'll keep
4   it.  I don't care.  It's not that I'm trying to avoid the case,
5   but that's the way the system is supposed to work.
6           And finally, this happened back in May when the
7   corporation counsel brought to my attention that this gentleman
8   had passed away in 2005.  And I think you have a point that
9   they didn't enter an appearance for him, but the death was
10  spread of record.  And there was a motion to dismiss the claims
11  against him, and the plaintiff didn't show for that motion.
12  That was on May 8th.
13          So this seems, one, a little premature because
14  there's no estate and, two, kind of late because this happened
15  six months ago.
16          Those are my questions.  How do you answer them?
17          MR. JOHNSON:  Well, your Honor, first, as to the
18  re-filing, I assure you it was not forum shopping.  It was a
19  mistake.  As your Honor has pointed out, it's incorrect.  But
20  as an officer of the court, I can tell you that was not forum
21  shopping.
22          Secondly, yes, I believe if we were here before you
23  in May, then there would be no question with regard to whether
24  the order was properly entered, because they brought it under
25  Rule 25.  I believe that doesn't apply when the party has

1  passed away prior to the filing of the lawsuit.  And under the
2  *Atkins* case we cited, in this situation, the order is a
3  nullity, and the 90-day window has not started running.
4         THE COURT:  But there's no estate.  There's no
5  personal representative to substitute.  You can't just pick a
6  relative and say, well, that's the nearest relative, so we're
7  going to substitute that person.  There has to be an estate
8  opened in the state court.
9         MR. JOHNSON:  And that gets back to --
10        THE COURT:  And it might be too late to do that,
11 because he's been dead for nine years.
12        MR. ENGQUIST:  I believe the probate act is two
13 years, and then it's gone, done.
14        MR. JOHNSON:  This goes back to when they spread the
15 death of record, the rule required, even if they were
16 proceeding under the right rule, to name a special
17 representative of the estate.
18        THE COURT:  But you still have to go back to the
19 state probate court and ask them to open an estate before you
20 can substitute anybody.
21        And things have happened in this case.  A discovery
22 cutoff has been set.  I know it's way out there.  This is an
23 important case.  I'm not diminishing the importance of this
24 case.  This is a serious case of wrongful conviction, and it
25 should be heard and properly, and the proper parties should be

1  here.
2  It may just be too late to bring the estate of this
3  fellow in.  I don't know.  But first you have got to go to the
4  state court and get a special -- if the state court will
5  appoint an administrator or representative of some sort, then
6  you could come in and bring up all these points that you raise
7  in your motion.
8  And I'll talk to Judge Tharp and see if he wants the
9  case.  If he doesn't, I'm happy to keep it.  But try to make --
10 I know that sometimes the lawyers don't really look at these
11 cover sheets, and they let their clerical staff do it.  But
12 it's really important to avoid the appearance of forum shopping
13 altogether.  We guard our random assignment system very, very
14 jealously, because we don't want ever there to be an appearance
15 that a judge is trying to get a case or that a lawyer is able
16 to forum shop.  And we've had some problems with that in the
17 past.
18 I'm not saying that you did it intentionally.  I'll
19 believe you when you say it was a mistake, but we've got to be
20 really careful about policing that on both sides of the bench.
21 In the meantime, I'm going to deny this motion
22 without prejudice because there is no estate pending.  And if
23 you can get an estate opened up and get somebody that you want
24 to bring in, then the corporation counsel can file whatever --
25 you know, enter an appearance for the representative if they

1    choose, or somebody will, and then we can deal with whether or
2    not you can add them.
3            But this is a very tiny sliver of this case,
4    obviously.  And I don't know if it pays to -- I don't know if
5    there's anything in the estate.  Probably not.  I mean, I think
6    everything is gone, you know, at this point.  So I think it may
7    not be worth pursuing or using your resources or the Court's to
8    actually deal with this issue.
9            So the order today will be denied without prejudice,
10   and we'll just leave it at that, and you'll take whatever
11   action you think is appropriate.  In the meantime, I'll talk to
12   Judge Tharp.  If he agrees that it should have gone to him, the
13   case may go to him.
14           But in any event, our next date is next September.
15   So are you working with the magistrate judge at all on
16   discovery?
17           MR. ENGQUIST:  No, not yet, your Honor.
18           MR. JOHNSON:  Not yet.
19           THE COURT:  Okay.  Well, I think you should.
20           MR. ENGQUIST:  We had some discovery hiccups, but we
21   worked those out between ourselves.
22           THE COURT:  Yes, there was -- did you file the
23   amended answer yet?
24           MR. ENGQUIST:  Yes.
25           THE COURT:  You did.  Okay.

1          MR. ENGQUIST:  I believe so.
2          THE COURT:  I think the last time you were here, we
3   talked about there might be motion practice as a result of the
4   res judicata issue?
5          MR. ENGQUIST:  Yes, your Honor, but we still have to
6   get everything together and do one motion at a time instead of
7   piecemeal.
8          THE COURT:  Well, come back to me unless you get
9   notice that it's been transferred.  Okay?
10         MR. ENGQUIST:  Thank you, your Honor.
11         MR. JOHNSON:  Thank you, your Honor.
12         THE COURT:  All right.  Thanks, folks.
13      (Proceedings concluded.)
14
15                   C E R T I F I C A T E
16         I, Nancy L. Bistany, certify that the foregoing is a
17  complete, true, and accurate transcript from the record of
18  proceedings in the above-entitled matter.
19
20  _/s/ Nancy L. Bistany, CSR, RPR, FCRR_          _October 30, 2014_
21  Official Court Reporter                          Date
22
23
24
25